**Christopher A. BROWN; et al.,**
**Plaintiffs–Appellants,**

v.

**COUNTY OF SANTA BARBARA;**
**et al., Defendants–Appellees.**

No. 06–56200.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 5, 2007.

Christopher A. Brown, Santa Barbara, CA, pro se.

Linda Ruiz, Santa Barbara, CA, pro se.

Kathleen Ousey, Santa Barbara, CA, pro se.

Margaret Cousins, Santa Barbara, CA, pro se.

Mary Pat Barry, Esq., Santa Barbara County Counsel's Office, Santa Barbara, CA, Kevin M. McCormick, Esq., Benton, Orr, Duval & Buckingham, Ventura, CA, for Defendants–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM [**]

Christopher A. Brown, Linda Ruiz, and Kathleen Ousey appeal pro se from the district court's judgment dismissing, for failure to state a claim, his 42 U.S.C. § 1983 action alleging various constitutional violations by County of Santa Barbara officials related to the development of an experimental medical treatment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004), and we affirm.

The district court properly dismissed Brown's co-plaintiffs, Linda Ruiz, Kathleen Ousey, and Margaret Cousins, for lack of standing. *See Covington v. Jefferson County*, 358 F.3d 626, 637–38 (9th Cir. 2004) (outlining requirements for standing). These three plaintiffs failed to allege any actual or imminent injury, asserting only hypothetical violations of Brown's rights based on the potential development of experimental treatments. *See id.* at 637–38 (standing requires, inter alia, an injury in fact that is concrete and actual or imminent).

The district court properly dismissed the claims against defendant Stark on the basis of issue preclusion. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir.2006) (outlining issue preclusion requirements).

The district court properly dismissed the claims against defendants Montes de Oca and Egar because Brown did not al-lege they were acting under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir.2003) (holding public defender does not act under color of state law when performing a traditional function as counsel).

The district court properly dismissed Brown's claims against defendants Sneddon and McLaughlin on the grounds of prosecutorial immunity. *See Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir.2001) (holding prosecutors are entitled to absolute immune from a civil suit for damages under section 1983 in initiating and prosecuting the State's case).

The district court properly dismissed Brown's claims against the County of Santa Barbara because a municipality can not be held liable under section 1983 on a respondeat superior theory. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir.2006) (holding municipal liability under section 1983 exists only for constitutional violations occurring pursuant to an official government policy or custom).

The district court properly dismissed Brown's claims against Commissioner Sterne on the basis of judicial immunity. *See Swift v. California*, 384 F.3d 1184, 1188 (9th Cir.2004) ("When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as part of their function.") (internal citation omitted).

Brown's remaining contentions are unpersuasive.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.